IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CHARLES WIGGINS,**
    Plaintiff,

vs.                                   Case No: 3:09cv332/MCR/MD

**KULONE TERRELLE,**
**PHILLIP TERRELLE,**
    Defendants.
_____

**ORDER and**
**REPORT AND RECOMMENDATION**

    This cause is before the court upon plaintiff's complaint (doc. 1) filed pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and his motion to proceed *in forma pauperis* (doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, upon review of plaintiff's complaint, the court concludes that plaintiff has not presented and cannot present an actionable claim in this forum and that dismissal is therefore warranted.

    Plaintiff is a resident of Pineville, Louisiana. (Doc. 1, p. 2; Doc. 2, p. 3). His complaint names two defendants, Kulone Terrelle and Phillip Terrelle, both residents of Pineville, Louisiana. The sole factual allegations of the complaint are that plaintiff has not seen his son in five months, and that the defendants would not allow him to sign the child's birth certificate even though plaintiff has "proof" that the child is his. (Doc. 1, p. 3). Plaintiff does not identify what legal right has been violated by this conduct, nor does he identify the relief he seeks from this court.[1]

---

[1] Plaintiff left the "Statement of Claims" and "Relief Requested" sections of the complaint form completely blank.

**From a review of the complaint, the court can discern no basis for federal jurisdiction. Plaintiff purports to bring this case under 42 U.S.C. § 1983. In any § 1983 action, the initial inquiry must focus on whether two elements are present: (1) whether the plaintiff was deprived of a right, immunity, or privilege secured by the Constitution or laws of the United States, and (2) whether the alleged conduct was committed by a person acting under color of state law.** *Parratt v. Taylor*, **451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981);** *Griffin v. City of Opa-Locka*, **261 F.3d 1295, 1303 (11th Cir. 2001). In the instant case, neither of the defendants appear to have been acting under color of state law,[2] and no constitutional violation is alleged.**

**Plaintiff has not alleged any other basis for federal jurisdiction over this action. It is apparent from the face of the complaint that there is no diversity of citizenship, and plaintiff fails to allege facts to suggest that the amount in controversy exceeds $75,000.** *See* **28 U.S.C. § 1332. The United States is not a party**

---

[2]It is well-settled that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). This is a jurisdictional prerequisite. *Nail v. Community Action Agency of Calhoun County*, 805 F.2d 1500, 1501 (11th Cir. 1986); *see also Haynes v. Sacred Heart Hosp., F.E.*, 149 Fed. Appx. 854, 855 (11th Cir. 2005) (unpublished opinion). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotation marks omitted). If the court concludes there is no state action, it must dismiss plaintiff's § 1983 claim. *Id.*

The court has reviewed defendants' alleged actions under each of the three state action tests and finds that, even viewing the allegations in the complaint as true, defendants did not act under color of state law, nor were their actions fairly attributable to the state.

to this case. *See* 28 U.S.C. § 1346. There appearing no basis for federal jurisdiction, plaintiff's complaint should be dismissed.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

That this cause be DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction, and the clerk be directed to close the file.

At Pensacola, Florida this 12th day of August, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).